## O. P. SAUNDERS ET AL. v. EDM. SMITH ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 20, 1890—Decided February 3, 1890.
[To be reported.]

The board of inspectors of the Philadelphia county prison, having the management of the internal affairs thereof, appointing a superintendent, matron and physician, etc., and serving without compensation, are not responsible as jailers for the escape of an insolvent surrendered to the prison under the terms of his bond.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 294 January Term 1890, Sup. Ct.; court below, No. 181 September Term 1888, C. P. No. 3.

On September 19, 1888, Oscar P. Saunders, and Oscar P. Saunders, executor of Sarah J. Saunders, deceased, brought debt against Edmund Smith and others, composing, on February 29, 1884, the board of inspectors of the Philadelphia

county prison, " to recover from them the sum of $1,847.30, with interest and costs, by virtue of the statutes of Westminster 2d (13 Edw. I., ch. 11, and 1 Rich. II., ch. 13.) " Issue.

At the trial on November 19, 1888, it was shown that on March 26, 1883, a judgment for $2,300.24 was recovered by O. P. Saunders and Sarah J., his wife, in right of said wife, in an action of trespass against William Quigg, and on the same day a capias ad satisfaciendum was issued, upon which the defendant was arrested, but was subsequently discharged upon entering into a bond under the act of June 16, 1836, P. L. 731, to take the benefit of the insolvent laws; that on February 29, 1884, Quigg presented his final petition for a discharge, which was refused, and on the same day he went to the Philadelphia county prison and surrendered himself to the superintendent thereof, who refused to receive him, when he went away; that the superintendent of the prison was an appointee of the board of inspectors and received all his authority from that board; that at the time of said surrender there was a balance due the plaintiff in said judgment of $1,847.30, with interest from June 21, 1883, and the same amount was still due and unpaid. The facts shown more fully appear in Saunders *v.* Quigg, 112 Pa. 546, and Keim *v.* Saunders, 120 Pa. 121.

At the close of the plaintiff's case, the defendants offering no testimony, the court, GORDON, J., instructed the jury to find for the plaintiff in the full amount of the debt, with interest as demanded, counsel for the defendants to move for a new trial and for judgment non obstante veredicto.

A verdict having been rendered for the plaintiff for $2,446.43, and a rule for a new trial and motion by the defendants for judgment non obstante veredicto having been argued before the court in banc, on January 11, 1889, the following opinion was filed, GORDON, J.:

This is an action against the inspectors of the county prison for an escape. In at least two other actions by the same plaintiff, the facts in this case have been before the Supreme Court, and upon them that court has announced certain conclusive judicial determinations. The propositions of law thus definitely settled are as follows:

The prisoner was properly surrendered at the jail, and by

Opinion of Court below.

reason of the failure to detain him in custody there was an escape. " There is no doubt that an escape according to the common law. . . . . has uniformly fixed the jailer ; " there have been cases in this state where the sheriff has been held liable for an escape, and " there is no doubt of such liability where the sheriff is the actual keeper of the jail or controls it." In this case the sheriff is not responsible, because successive acts of assembly have "swept away the last vestige of the control of the high sheriff of Philadelphia over the county prison ; " these acts of assembly place the prison "in the care of a board of inspectors ; " these inspectors, the present defendants, are " in the control of the whole" of the prison.

Such is the law applicable to the facts in this case, as expressly decided by the Supreme Court in the two cases of Saunders v. Quigg, 112 Pa. 546, and Keim v. Saunders, 120 Pa. 121. The court in the latter case also said : . " It is possible that some one was responsible for this escape." We see no help for it, therefore, in view of the two decisions referred to, but to hold the inspectors responsible, and sustain the verdict found against them.

As to the measure of damages, we also feel bound to adhere to the finding of the jury. In both the cases heretofore passed upon by the Supreme Court, the same measure of damages was adopted as was followed in this case, to wit, the amount of the judgment against the insolvent, with interest and costs. In both of those cases this measure seems to have been accepted, without question, as the proper rule ; at least, it escaped objection. We are also obliged to say that it seems to have ancient precedent in its favor. Indeed all the proceedings in this case have a musty flavor, and can only be sustained by reverting to the statutes and decisions of a time when the creditor, who could not collect his debt, was given the cruel alternative satisfaction of being allowed to imprison at will the person of his debtor. The law gave the body to soothe the avarice the debtor had not money to appease. Such a ghastly principle is the marrow of this plaintiff's case. However, as we have no power to make, but only to declare the law, we are reluctantly obliged to decide that since the inspectors allowed the debtor to escape, and thus deprived the plaintiff of his "pound of flesh," they must pay him the full amount of his debt. Rule discharged.

Arguments.

Judgment having been entered on the verdict, the defendants took this appeal, assigning the instruction to the jury to find for the plaintiff, and the refusal of defendants' motion, for error.

*Mr. Wayne MacVeagh* (with him *Mr. Jno. Hampton Barnes*), for the appellants:

I. The inspectors of the county prison are public ministerial officers, and are therefore not responsible, under the evidence in this case, for the occurrence complained of.

1. The inspectors are the mere hand of the county to whom are delegated for it certain duties: Act of April 14, 1835, P. L. 232. These duties are accurately defined and limited by said act: (1) To appoint a superintendent, matron, and physician of the prison. (2) To visit the prison at stated times and for specified purposes. (3) To make necessary purchases. As mere ministerial officers, they are not liable personally for any official act, unless it be done wilfully or maliciously; nor for mere mistake, negligence or ignorance; Addison on Torts, § 964; Lyon v. Adams, 4 S. & R. 443; Burton v. Fulton, 49 Pa. 151; Porter Tp. v. Overseers, 82 Pa. 275; Erie City Sch. D. v. Fuess, 98 Pa. 600; Fire Insurance Patrol v. Boyd, 120 Pa. 624; Ford v. Kendall Sch. D., 121 Pa. 543.

2. The defendants are not responsible for acts or omissions of the superintendent of the prison which they did not authorize or direct. They were not charged with any personal or voluntary act. The verdict held them responsible for the act of an officer whom they are bound to appoint, which act they had not knowedge of and had no reason to expect would be done by the said officer. The law does not place such a responsibility upon them: Lane v. Cotton, 1 Ld. Raym. 646; Hutchins v. Brackett, 22 N. H. 252 (53 Am. Dec. 248); Conwell v. Voorhees, 13 Ohio 523 (42 Am. Dec. 206); Schroyer v. Lynch, 8 W. 453; Erie Sch. D. v. Fuess, 98 Pa. 600.

II. If, however, an action lie against the inspectors, there can be no recovery for the amount of the judgment, as in debt, but only for the actual damages suffered, as in case.

1. The action is brought under the statutes of Westminster 2d. Roberts' Digest, 401, referring to these statutes, says: "If it be true, that in case of negligent escape, where the prisoner

escaping was insolvent, a recovery shall be had for the whole amount of the creditor's claim, it must be acknowledged that in this instance the law does not approach the confines of common sense, so near as any other that could be referred to.    But it is not believed such is the law of Pennsylvania."    Section 4, act of March 28, 1803, 4 Sm. L. 48, fixes upon the sheriff and his sureties liability to any individual aggrieved by his misconduct, and the condition of the sheriff's recognizance is fixed by § 64, act of April 15, 1834, P. L. 549.    Such actions against a sheriff are upon his bond: Smith v. Commonwealth, 59 Pa. 327.

2. Wherefore a sheriff or other person personally charged with the custody of a prisoner, is liable by statute to an action of debt for an escape.    Here, however, there is no statute fixing such liability upon the inspectors.    They are executive officers for the county, acting without compensation.    The sheriff is the paid officer of the people, charged by statute with express duties, and subject to express penalties.    There being no statutory responsibility upon the inspectors for an escape, they can in any event be held responsible only for a breach of duty which the law by implication places upon them.    The action, if any, must therefore be at common law.    At common law, an action for an escape was in case: Shewel v. Fell, 3 Y. 17; Duncan v. Klinefelter, 5 W. 141; and in such action, only the actual loss suffered is recoverable: Shuler v. Garrison, 5 W. & S. 455.

*Mr. Bradbury Bedell*, for the appellee:

1. That Quigg made a valid surrender to the county prison and escaped therefrom, has already been decided by this court in Saunders v. Quigg, 112 Pa. 546, and Keim v. Saunders, 120 Pa. 121.    Are the defendants liable therefor, and if so, what is the measure of damages?    It so happens that the very statutes which render them liable for the escape of one in execution, fix the extent of their liability.    These statutes are those of Westminster 2d (13 Edw. I., ch. 11, and 1 Rich. II., ch. 13), and they are in force in Pennsylvania: Shewel v. Fell, 3 Y. 17; Report of the Judges, 3 Binn. 595.    They cover all sheriffs, jailers and keepers of prisons: Impey on Sheriffs, 176; Stonehouse v. Mullins, 2 Str. 372; Plummer v. Whitchot, 2 Lev. 158; Bacon's Abr., tit. Escape.

Opinion of the Court.

2. The inspectors are not merely ministerial officers. Under the act of March 30, 1831, P. L. 228, the inspectors shall "take charge" of the prison. Under the act of April 14, 1835, P. L. 232, the county prison "shall be managed by a board of inspectors." By the act of January 17, 1831, P. L. 12, and the supplement thereto, act of April 18, 1857, P. L. 253, they have the right under certain circumstances to discharge prisoners. In the face of these acts of assembly, what is necessary to be said to show that these inspectors have the custody of the prison? "The acts referred to [acts of March 30, 1831, P. L. 228; of April 14, 1835, P. L. 232] place it in the hands of a board of inspectors:" Keim v. Saunders, 120 Pa. 121.

OPINION, MR. CHIEF JUSTICE PAXSON.

This was an action in the court below to test the liability of the inspectors of the county prison for the escape of one William Quigg, whose discharge as an insolvent had been refused by the Court of Common Pleas No. 3, and who upon the same day surrendered himself to the jail of the city and county of Philadelphia, in compliance with the condition of his bond. In Saunders v. Quigg, 112 Pa. 546, we held that this surrender was good, and that his sureties were discharged. In Keim v. Saunders, 120 Pa. 121, we decided that there was an escape, but that the sheriff was not liable therefor, for the reason that, under the statutes relating to the Philadelphia county prison, the sheriff was no longer the keeper or jailer thereof. This suit, as before stated, was against the inspectors of the prison, and the learned judge below held they were liable. A verdict was accordingly rendered against them for $2,446.43, upon which judgment was entered.

In Keim v. Saunders we said: "Where such officer (sheriff) has been held liable for an escape, he has been held qua jailer, and not qua sheriff; it is to the common jail that the insolvent surrenders; it is the keeper of the jail who is liable for an escape."

It would probably surprise the worthy gentlemen who constitute the board of prison inspectors, were we to decide that they were the keepers or jailers of the Philadelphia county prison. They are now, or were quite recently, appointed by the courts, and are clothed by law with certain duties respect-

ing its order and government. They have the management of its internal affairs, such as the purchase of provisions, etc., and are authorized to appoint a superintendent, a matron for the female department, a physician, the keepers and other persons employed there, and to fix their salaries. They are engaged, without compensation, in administering a public charity. They have a large control over the internal economy of the prison, but that the performance of such duties converts them into jailers or keepers of that institution, has never before been asserted.

The learned judge below, in the absence of any disputed facts, directed a verdict for the plaintiff, and reserved the question of the liability of the defendants. Subsequently he entered judgment on the verdict for plaintiffs. This, we think, was error.

It is possible that some one was responsible for this escape. We do not say who is responsible; we only say that the board of inspectors are not.

The judgment is reversed, and judgment is now entered in favor of the defendants below, non obstante veredicto.